**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re,<br><br>James Charles Hester and<br>Shannon Elizabeth Hester,<br><br>　　　　　　　　　　　　　Debtors.<br><br>Robert F. Anderson,<br><br>　　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>Eric L. Monroe,<br><br>　　　　　　　　　　　　　Defendant. | C/A No. 18-03903-DD<br><br>Adv. Pro. No. 18-80081-DD<br><br>Chapter 7<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

This matter is before the Court on opposed cross-motions for summary judgment. The plaintiff, Robert F. Anderson, is the chapter 7 trustee. The defendant, Eric L. Monroe, received a transfer of property from one of the debtors. The trustee seeks avoidance of the transfer and recovery of the property. The defendant pleads resulting and constructive trust defenses. The Court grants the plaintiff's motion and denies the defendant's motion.

**UNDISPUTED FACTS AND BACKGROUND**

1. The Hesters were friends of the defendant and his wife.

2. Prior to October 2011, the Hesters and the defendant and his wife discussed purchasing a vacation property together.

3. On or about October 20, 2011, the defendant purchased real property located at 380 School Road, Daufuskie Island, SC (the "Property") from Frank and India Neal for one hundred and eighty thousand ($180,000.00) dollars.

4. After buying the Property, the defendant discussed with Mrs. Hester an arrangement whereby she would manage and rent out the Property. They state the purpose of this arrangement was to allow Mrs. Hester to provide consideration for a one-half interest in the Property.

5. The defendant and Mrs. Hester agreed that she would use rental proceeds to pay expenses for the Property, then one-half of the funds remaining would be paid to the defendant and one-half would be paid to the defendant and credited toward Mrs. Hester's purchase of a one-half interest in the Property.

6. The parties did not record their agreement in writing.

7. Mrs. Hester did not hold a license to manage property at any relevant time.

8. Mrs. Hester never rented the Property but often used it.

9. On or about May 15, 2013, the defendant conveyed the Property to Mrs. Hester. The limited warranty deed reflects that the consideration for the transfer was five ($5.00) dollars.

10. The defendant and Mrs. Hester state that the reason for the conveyance of the Property was to provide her with certain amenities on Daufuskie Island, such as ferry discounts and the ability to obtain a business license and to make it easier for her to rent the Property. The defendant and Mrs. Hester state that thereafter she was to be responsible for all expenses associated with the Property.

11. On or about November 15, 2017, Mrs. Hester conveyed the Property to the defendant. The limited warranty deed reflects that the consideration for the transfer was five ($5.00) dollars.

12. At the time Mrs. Hester conveyed the Property back to the defendant, she had no income.

13. Mr. Hester was the owner of Hester Drywall, Inc. Mr. and Mrs. Hester both personally guaranteed all obligations under surety bonds issued by Selective Insurance Company of America for the benefit of Hester Drywall. In July 2017, Hester Drywall failed to complete some ongoing projects and claims were made on the surety bonds.

14. Mr. and Mrs. Hester filed their chapter 7 voluntary petition on August 2, 2018. The plaintiff was appointed trustee.

15. Selective Insurance Company of America filed a proof of claim asserting an amount owed on the Hesters' personal guarantees of $3,516,437.94. Jonathan Panico, a representative of Selective Insurance Company of America, testified in his March 22, 2019 deposition that although the debt fluctuates based on claims against the bonds, it would be at least $2,000,000.

16. The Hesters' cumulative liabilities exceed the value of their assets.

17. The plaintiff commenced this adversary proceeding on October 29, 2018, asserting causes of action for fraudulent conveyance pursuant to 11 U.S.C. §§ 544 and 548 and recovery of the Property or the value of the avoided transfer pursuant to 11 U.S.C. § 550.

18. Attached to the plaintiff's motion for summary judgment is an appraisal of the Property reporting a value of $265,000.00 as of November 2017. In her deposition, when asked about the value of the Property, Mrs. Hester indicated that she believed Beaufort County assessed value of the Property of $229,200 was "a little high." She stated she believed that price was high because "it's really hard to get rid of any property over there because the entire island is in bankruptcy. . . . everybody's houses have been for sale forever, so I know they're going a lot lower than that."

## **LEGAL STANDARD**

Summary judgment is appropriate when the "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . . show [ ] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c) (made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 7056). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The role of the judge in deciding summary judgment is "not himself to weigh the evidence . . . but to determine whether there is a genuine issue for trial." *Id.* at 249.

The party requesting summary judgment must demonstrate the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This initial burden requires the moving party to identify those portions of the record that it believes demonstrate the absence of a genuine dispute. *Id.* at 323; *see also Anderson*, 477 U.S. at 249. The nonmoving party must then produce "'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324; *see* Fed R. Civ. P. 56(e). If the nonmoving party fails to provide evidence supporting an essential element of its case, then the moving party is entitled to judgment as a matter of law. *Id.* at 323.

## **DISCUSSION**

1. <u>11 U.S.C. § 548</u>

11 U.S.C. § 548 provides, in relevant part:

> The trustee may avoid any transfer . . . of an interest of the debtor in property . . . that was made . . . on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily —

> (B)(i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and
> (ii)(I) was insolvent on the date that such transfer was made . . . or became insolvent as a result of such transfer or obligation.

To prevail under this section, the plaintiff must establish that:

> (1) The transfer was made by the Debtor; (2) the transfer occurred within [two years] of the filing of the bankruptcy petition; (3) Debtor received less than a reasonably equivalent value in exchange for the transfer; and (4) Debtor was insolvent at the time of the transfer or became insolvent as a result thereof.

*Hovis v. Ducate (In re Ducate)*, 369 B.R. 251, 264–65 (Bankr. D.S.C. 2007). The plaintiff bears the burden of establishing these elements by a preponderance of the evidence. *Ducate*, 369 B.R. at 262.

The parties do not dispute that all of the elements of section 548 are met. Mrs. Hester executed the deed transferring the Property to the defendant in November 2017, less than two years before the Hesters' bankruptcy filing. Mrs. Hester received less than reasonably equivalent value for the transfer. The stated consideration was $5.00; however, the parties did not recall whether this $5.00 was actually even paid. Although the value of the Property has not been established, the parties concede the Property is worth substantially more than $5.00. Finally, the debtors were insolvent at the time of the transfer. The Hesters report total assets of less than $1,000,000 and claims against them far exceed the value of their assets. Accordingly, Mrs. Hester was insolvent at the time of the transfer. *See* 11 U.S.C. § 101(32)(A).

All of the elements of § 548(a)(1)(B) are met. Thus, unless the defendant has a valid defense, the transfer from Mrs. Hester to the defendant should be avoided as a fraudulent conveyance.

2. Resulting Trust

The defendant argues that the plaintiff is not entitled to avoid the transfer from Mrs. Hester to the defendant because a resulting trust existed. The defendant asserts that Mrs. Hester's transfer of the Property to the defendant was a "dissolution of the resulting trust and a re-merging of the legal title to the Property with Defendant's retained equitable title, returning the parties to the status quo ante." The defendant argues that a resulting trust arises from the 2013 deed from him to Mrs. Hester.

Under South Carolina law, "when real estate is conveyed to one person and the consideration is paid by another, it is presumed that the party who pays the purchase money intended a benefit to himself and a resulting trust is raised in his behalf." *Lollis v. Lollis*, 291 S.C. 525, 528, 354 S.E.2d 559, 561 (1987) (citing *Green v. Green*, 237 S.C. 424 (1961); *Caulk v. Caulk*, 211 S.C. 57 (1947)). A party seeking to establish a resulting trust must do so by clear and convincing evidence and must establish that "(1) it paid for the property (or committed to pay for the property), (2) with the intent to own it, (3) on the date of purchase." *Anderson v. Architectural Glass Constr., Inc. (In re Pfister)*, 749 F.3d 294, 299 (4th Cir. 2014) (citing *Moore v. McKelvey*, 266 S.C. 95, 98, 221 S.E.2d 780, 781 (1976); *Surasky v. Weintraub*, 90 S.C. 522, 73 S.E. 1029, 1031 (1912)). The Fourth Circuit has stated:

> The last requirement is important. South Carolina trust law is clear that a resulting trust "arises at the time . . . of [the] purchase, *or not at all.*" "[T]he trust must be coequal with the deed, and cannot arise from any subsequent transactions." That a party pays for property and/or intends to own it *at some point in time* fails to establish a trust. For a resulting trust to arise, payment and intent must coincide with a deed's execution. . . . With respect to the imposition of a resulting trust, a court may sever an asset's legal and equitable interests only if a party commits to pay for an asset *on the date of purchase* and intends to own it *on that date*.

*Pfister*, 749 F.3d at 299–300 (internal citations omitted).

No resulting trust has been established here. The defendant purchased the Property in October 2011 and at the time of the purchase, it was titled in his name. After the defendant purchased the Property, Mrs. Hester and the defendant reached an agreement regarding the Property. Only after this agreement was reached did the defendant transfer the Property to Mrs. Hester in May 2013. Thus, the resulting trust did not arise at the time of the defendant's purchase of the Property in October 2011. The defendant argues that the resulting trust instead arose when the defendant transferred the Property to Mrs. Hester in May 2013. However, no resulting trust arose in connection with that transaction either. That transaction simply consisted of the defendant transferring the Property to Mrs. Hester in exchange for $5 and her promise that she would make efforts to rent the Property and pay the expenses associated with the Property. This is simply a conveyance of property from one party to another, with consideration being exchanged between the parties. Here, the consideration, such as it is, is paid by Mrs. Hester and title is in her name. The defendant's resulting trust defense fails.

3. Constructive Trust

The defendant also asserts that Mrs. Hester's conveyance of the Property to the defendant in 2017 was not a fraudulent conveyance because a constructive trust arises from the 2013 conveyance. The defendant's theory is that the trust arises because of Mrs. Hester's breach of her agreement with the defendant in failing to rent the Property and failing to pay for her one-half interest in the Property. This defense supposes that a constructive trust would have been imposed in favor of the defendant if Mrs. Hester had not conveyed the Property back to the defendant.

South Carolina law states:

> The law may impose a constructive trust when a party obtains a benefit that does not equitably belong to him and which he cannot in good conscience retain or withhold from another who is beneficially entitled to it. A constructive trust results from fraud, bad faith, abuse of confidence, or violation of a fiduciary duty which

7

gives rise to an obligation in equity to make restitution. Fraud is an essential element, although it need not be actual fraud.

*McDaniel v. Kendrick*, 386 S.C. 437, 444 (Ct. App. 2009) (cleaned up). A constructive trust must be established by clear and convincing evidence. *Id.* (citing *SSI Med. Servs., Inc. v. Cox*, 301 S.C. 493, 500, 392 S.E.2d 789, 793–94 (1990)).

The defendant argues that its constructive trust defense is supported by the language of *Briggs v. Richardson*, 288 S.C. 537 (Ct. App. 1986), in which the South Carolina Court of Appeals stated:

> A constructive trust . . . is a trust by operation of law which arises against one who, by fraud, actual or constructive, by duress or abuse of confidence, by commission of a wrong or by any form of unconscionable conduct, artifice, concealment, or questionable means and against good conscience, either has obtained *or holds* the right to property which he ought not in equity and good conscience to hold and enjoy.

*Briggs*, 288 S.C. at 539 (emphasis added). The defendant asserts that the inclusion of the phrase "or holds" indicates that South Carolina law allows the imposition of a constructive trust in instances where circumstances subsequent to the conveyance of property arise which make it inequitable for a party to continue to hold the property. There is no evidence nor any assertion of fraud or inequitable conduct by Mrs. Hester at the time she obtained title. The imposition of a constructive trust is not supported in South Carolina law based upon circumstances arising subsequent to the conveyance and this is not the meaning of "or holds" as the defendant argues.

South Carolina cases indicate that the relevant circumstances for the imposition of a constructive trust are those circumstances in which property was acquired. In *Bank of Williston v. Alderman*, 106 S.C. 386 (1917), the South Carolina Supreme Court stated:

> By the well-settled doctrines of equity, a constructive trust arises whenever one party has obtained money, which does not equitably belong to him, and which he cannot in good conscience retain or withhold from another, who is beneficially

> entitled to it; as, for example, when money has been paid by accident, mistake of fact, or fraud, or has been acquired through a breach of trust, or violation of fiduciary duty, and the like. . . . Whenever one person had wrongfully taken the property of another, and converted it into a new form, or transferred it, the trust arises and follows the property or its proceeds. Constructive trusts do not arise by agreement or from intention, but by operation of law; and fraud, actual or constructive, is their essential element. Actual fraud is not necessary, but such trust will arise whenever the circumstances under which property was acquired make it inequitable that it should be retained by him who holds the legal title.

*Bank of Williston*, 91 S.E. at 297–98 (cleaned up). Here, the premise of the defendant's argument is that a constructive trust would have arisen in 2017 — four years after Mrs. Hester obtained the Property — if she chose not to convey the Property back to the defendant. No constructive trust arose at the time Mrs. Hester actually acquired the Property and therefore under South Carolina law, cannot arise when she conveyed the Property back to the defendant.

Further, an essential element for a constructive trust is missing here because no fraud or wrongdoing has occurred. The defendant voluntarily conveyed title to the Property to Mrs. Hester, and she later conveyed title back to the defendant. The Property was initially conveyed to Mrs. Hester based on a fully consensual arrangement between the defendant and her. Mrs. Hester voluntarily conveyed the Property back to the defendant four years later. The assertion that some wrongdoing, and as a result a constructive trust, could possibly have resulted if Mrs. Hester engaged in conduct that did not actually occur does not defeat the plaintiff's avoidance power. Because fraud or inequitable conduct, an essential element for the imposition of a constructive trust, is not present, the defendant's constructive trust defense fails.

4. <u>11 U.S.C. § 550</u>

11 U.S.C. § 550 provides, in relevant part:

Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from — (1) the initial transferee of such transfer

or the entity for whose benefit such transfer was made; or (2) any immediate or mediate transferee of such initial transferee.

"Section 550 gives a trustee the ability to recover the property transferred or the value of such property from an initial transferee or subsequent transferee once a transfer has been avoided." *Goodwin v. Custom Am. Auto Parts, LLC (In re Pigg)*, 2014 WL 2608862, at *5 (Bankr. D.S.C. June 10, 2014). The Court has found that the plaintiff is entitled to avoid the transfer from Mrs. Hester to the defendant as a fraudulent conveyance. Pursuant to section 550, the plaintiff may recover the Property or the value of the Property from the defendant. The value of the Property has not been established; therefore, the plaintiff may recover the Property itself from the defendant so that the Property can be liquidated for the benefit of the Hesters' creditors.

## CONCLUSION

For the reasons set forth above, there is no genuine issue of material fact and the plaintiff is entitled to judgment as a matter of law. The plaintiff's motion for summary judgment is granted and the defendant's motion for summary judgment is denied. The transfer from Mrs. Hester to the defendant is avoided. The defendant is the initial transferee of Mrs. Hester. The trustee recovers the property for the benefit of the bankruptcy estate pursuant to 11 U.S.C. §550.

AND IT IS SO ORDERED.

**FILED BY THE COURT**
**07/26/2019**



David R. Duncan
Chief US Bankruptcy Judge
District of South Carolina

Entered: 07/26/2019